UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HOAU-YAN WANG,<br><br>Defendant. | Criminal Action No. TDC-24-0211 |

**CASE MANAGEMENT ORDER**

This Case Management order establishes the schedule for this case and details certain rules and procedures applicable throughout this case.

Any party who believes that any deadline or requirement set forth in this Order should be modified for this case may submit to the Court a written motion for a modification of the Order by the motions deadline stated below. Such requests will be addressed at the Initial Status Conference.

**I.   COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES**

The Court requires compliance with all Local Rules, *available at* https://www.mdd.uscourts.gov/local-rules.

Parties are required to file electronically through the Court's Case Management/Electronic Case Filing (CM/ECF) system. Elec. Case Filing Policies and Procedures Manual (D. Md. Dec. 2016), http://www.mdd.uscourts.gov/sites/mdd/files/CMECF ProceduresManual.pdf. Parties must use the electronic filing system to file documents with the Clerk and to send case-related correspondence to Chambers. When a party electronically files a document that, including attachments, is 15 pages or longer, the party must also provide paper copies of the document and the notice of electronic filing. *Id.* § III(D). The paper copies should be sent to the Clerk's Office.

**II.   DISCOVERY**

The Government must produce all materials in its possession and control subject to discovery under Federal Rule of Criminal Procedure 16 within **21 days** of arraignment. For this purpose "the Government" consists of all federal agencies and all state or local law enforcement agencies that have participated in any way in the investigation or prosecution of this case. If certain Rule 16 discovery materials cannot be produced by this deadline, the Government shall state, in a memorandum filed before that deadline or on the record at the Initial Status Conference, the categories and volume of remaining discovery, an explanation for the delay in production, and a proposed deadline for the production of remaining Rule 16 material. At the Initial Status

Conference or by written Order, the Court shall set a deadline for the Government's production of remaining Rule 16 discovery and the Defendant's production of Rule 16 discovery.

### III. MOTIONS

All pretrial motions, except for motions *in limine*, must be filed by **August 7, 2024**. Any motion must be asserted for the purpose of seeking resolution of an issue that the moving party in good faith believes (1) needs to be resolved prior to trial; and (2) reasonably could be resolved in the moving party's favor. "Placeholder" motions seeking suppression of evidence or other substantive relief that are filed for the sole purpose of excluding time under the Speedy Trial Act are not permitted. Motions and supporting memoranda must recite the relevant facts and legal authorities with enough particularity to enable the Court to render a decision.

As necessary, the parties may file a motion seeking to exclude time under the Speedy Trial Act. Such a motion shall be accompanied by a proposed Order that includes specific proposed findings under 18 U.S.C. § 3161(h).

Per Local Rule 105.2(a), which applies to criminal proceedings as specified in Local Rule 207, a memorandum of law in opposition to any pretrial motion must be filed within **14 days** of service of the motion. Any reply memorandum must be filed within **14 days** of service of the response. If the parties wish to alter this schedule, they must file a joint motion for an extension. That joint motion must be filed by no later than the response deadline.

### IV. INITIAL STATUS CONFERENCE

An Initial Status Conference will be held via teleconference on **August 21, 2024 at 9:00 a.m.** The Court will circulate a call-in number prior to the teleconference. The parties should be prepared to address the following issues at the Initial Status Conference:

1. Whether Rule 16 discovery is complete and, if not, a proposed deadline for the completion of discovery.

2. Any pending motions and any proposed changes to the briefing schedule.

3. Whether a hearing is necessary on any pending motion, and, if so, a proposed date for the hearing.

4. The status of any negotiations between the parties that might lead to a change of plea, and, if so, a proposed date for the entry of a guilty plea.

5. The number of days remaining before the case must proceed to trial in order to comply with the Speedy Trial Act, 18 U.S.C. §§ 3161–3174.

6. If counsel believe the case will go to trial, an updated estimate as to the length of and possible dates for the trial.

The parties are expected to meet and confer on these issues in advance of the Initial Status Conference and, if possible, present joint views to the Court.

### V.  JOINT STATUS REPORT (IN LIEU OF THE INITIAL STATUS CONFERENCE)

The parties may submit a Joint Status Report in lieu of the Initial Status Conference. That report shall address the enumerated issues in Part III and shall be accompanied by:

1. A joint Motion to Continue the Initial Status Conference and the pretrial motion deadline, with a proposed Order; and

2. A joint Motion to Exclude Time under the Speedy Trial Act until the date of the next status conference, with a proposed Order.

The Joint Status Report and accompanying Motions must be submitted **three days** before the scheduled Initial Status Conference. If the Court receives these filings and grants the Motions, the Initial Status Conference will be rescheduled for approximately 30 days later. **The Initial Status Conference will be rescheduled only once.** After the Initial Status Conference, the Court will not accept a Joint Status Report or a written Motion to Continue the Status Conference in lieu of any second or subsequent Status Conference.

### VI.  PRETRIAL SCHEDULE

Unless otherwise ordered by the Court, the following productions to the opposing party or filings to the Court are due on the following dates:

| Production/Filing | Days Before Trial |
|---|---|
| Defendant's Rule 16 Expert Discovery | 90 days |
| Motions *in Limine* on Expert Witnesses | 60 days |
| Responses to Motions in *Limine* on Expert Witnesses | 45 days |
| Defendant's Other Rule 16 Discovery | 30 days |
| Rule 404(b) Notices | 30 days |
| Other Motions *in Limine* | 21 days |
| Responses to Other Motions *in Limine* | 14 days |
| Rule 902 Document Certifications | 14 days |
| Rule 1006 Summary Chart Notices | 14 days |

| | |
|---|---|
| Joint Proposed Voir Dire Questions | 14 days |
| Joint Proposed Jury Instructions | 14 days |
| Joint Proposed Verdict Form | 14 days |
| Government's Exhibit List and Witness List | 1st Day of Trial |
| Defendant's Exhibit List and Witness List | 1st Day of Trial |

**The Court will provide the parties with its templates for the joint proposed voir dire questions, jury instructions, and verdict form. The parties are expected to use the specific formatting of those template files and add to the standard questions and instructions as needed.** If the parties are unable to agree completely on particular voir dire questions, jury instructions, or verdict form language, they should identify in their joint submission those items on which there is disagreement and include each party's proposed language for those items.

A pre-trial conference will be scheduled for approximately five days before the start of trial. The parties shall be prepared to argue any remaining motions *in limine* and to discuss the voir dire questions, jury instructions, and verdict form.

VII. **GENERAL REQUIREMENTS**

1. **Motions to Continue:** Any request for a continuance must be made in a written motion and docketed on CM/ECF.

2. **Written Filings:** No filings with the court, including sentencing memoranda, may be submitted in the form of a letter. Instead, all filings must have a caption and should comply with Local Rules 105.3 and 207 relating to page limits for motion briefs. **In addition, all briefs must be double-spaced and in 12-point Times New Roman font, including footnotes, and the document margins must be 1" on all sides. Footnotes are limited to no more than five single-spaced lines on any single page.** Deadlines, including those in the Sentencing Order, will be strictly enforced.

3. **Internet Citations:** Any citations to internet sources must be accompanied by a copy of the cited webpage attached as an exhibit.

4. **Audio or Video Exhibits:** All audio file exhibits must be in .mp3 format. All video file exhibits must be in .mp4 format. Any passwords must be submitted in a docketed filing under seal. The case name and exhibit number must be written on the disc itself. All audio and video exhibits must be accompanied by a transcript, with page numbers, in both hard copy and as an electronic PDF file. **Any files not conforming to these requirements will be stricken.**

5. **Charging Documents:** In cases involving a guilty plea, the relevant charging document must be docketed at least **48 hours** before a rearraignment hearing, and the

plea agreement must be provided to the Court at least **48 hours** before a rearraignment hearing.

6. **Hearing or Trial Exhibits: Notwithstanding Local Rules 107.5(b) and 211, you must formally offer all exhibits for admission and receive a ruling from the Court.** Exhibits may be offered as a group and may be offered outside the presence of the jury before or after a session, but they must be formally offered and admitted on the record. Each discrete exhibit must have a unique identifying exhibit number. For example, each photograph, financial instrument, bank statement, or other record must have a unique exhibit number even if related to other exhibits. Multi-page documents, such as a contract or a lease, may have a single exhibit number only if the document's pagination was established in the original document.

   **You must pre-mark exhibits in accordance with instructions provided by the Courtroom Deputy Clerk**. All exhibits must be tagged with an exhibit sticker and numbered. Do not separately identify exhibits as "Government's" or "Defendant's." The Government's exhibits should be numbered as Exhibits 1-99. Defendant's exhibits should be numbered as Exhibits 100-199. If the Government has more than 100 exhibits, Defendant's exhibits should start at 200 or whatever other number that will safely permit each side's exhibits to be numbered consecutively. No exhibit designation may begin with a letter. However, logically grouped or late-inserted exhibits may have a letter at the end. E.g., Exhibit 105A. Exhibits marked for identification only not intended for admission shall be numbered as Exhibits ID1-ID99 by the Government, and ID100-199 by the Defendant.

Date:  July 10, 2024                                    /s/
                                                THEODORE D. CHUANG
                                                United States District Judge