UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HOAU-YAN WANG,<br><br>Defendant. | CASE NO: TDC-24-211 |

**PROTECTIVE ORDER GOVERNING DISCLOSURE OF PROTECTED PERSONAL IDENTITY, FINANCIAL, CONTACT, GRAND JURY, COURT, INVESTIGATIVE, AND AGENCY INFORMATION**

The Government has filed a Motion for Protective Order in the above-referenced matter to expedite the flow of discovery material among the parties and facilitate the prompt resolution of disputes over confidentiality; to assure the preservation of Protected Personal Identity, Financial, Contact, Grand Jury, Court, and Investigative Information found on documents subject to criminal discovery; and to ensure that protection is afforded to material so entitled, including but not limited to the mandates of the federal Privacy Act, 5 U.S.C. § 552a. It is therefore, pursuant to the Court's authority under Fed. R. Civ. P. 16, ORDERED:

1. **Definition of Protected Personal Identity, Financial, Contact, Grand Jury, Court, Investigative, and Agency Information.** For purposes of this Protective Order, Protected Personal Identity, Financial, Contact, Grand Jury, Court, and Investigative Information (collectively, "Protected Information") means any information, whether oral or recorded in any form or medium, as follows:

(1) "Protected Personal Identity Information" includes any unique identifying information such as date of birth, address, social security number, and any account numbers used by the federal government, state government, local government, or companies to identify individuals.

(2) "Protected Financial Information" includes all bank account numbers, financial account numbers, credit card numbers, and codes or numbers of any kind used to retrieve or access assets and money, including but not limited to personal identification numbers (PIN), account codes and numbers, security passwords, etc.

(3) "Protected Contact Information" includes all home addresses, phone numbers for personal residences, and phone numbers for cell phones.

(4) "Protected Grand Jury Information" means information that is within the scope of the grand jury secrecy and disclosure provisions of Fed. R. Crim. P. 6(e), including transcripts of witness testimony.

(5) "Protected Court Information" means documents that have been filed under seal with the Court and continue to be maintained under seal, including sealed search warrants and other legal process obtained during the course of the investigation.

(6) "Protected Investigative Information" means information related to ongoing criminal investigations whose disclosure may adversely impact the ongoing investigations by causing the subjects of those investigations to flee, destroy evidence, or otherwise obstruct justice but does not include materials seized from the defendant or his accounts pursuant to any search warrant or provided voluntarily by the defendant and not otherwise covered as Protected Information.

(7) "Protected Agency Information" means information that was obtained from the U.S. Department of Health and Human Services, including the National Institutes of Health and the Food and Drug Administration.

2. **Production of Protected Information By The United States That May Be Subject To the Privacy Act, 5 U.S.C. § 552a, or Other Privacy Protections.** The United States may produce Protected Information to counsel for the defendant pursuant to the Government's obligations under Fed. R. Crim. P. 16 and Standing Order 2020-01. In addition, the Protected Information may be subject to additional protection under Fed. R. Crim. P. 49.1, the Local Rules of this Court, and federal law, including but not limited to the Privacy Act. The United States shall produce these documents containing Protected Information to the defendant. Upon producing these documents to the defendant, the United States shall designate them as "confidential" as set forth in paragraph 3 below.

3. **Designation of Material Subject to this Protective Order.** To designate Protected Information subject to this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, on a storage device cover or label, or in any response in request for information, by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

4. **Access to and Use of Protected Information.** The defendant and the defendant's counsel may use the Protected Information only for purposes of this criminal case and may not disclose such Protected Information to anyone not specifically entitled to access under this Protective Order. The defendant's counsel, and individuals participating in this criminal case, may use the Protected Information only for the purposes of defending this criminal case, including any appeals thereof, and may disclose the Protected Information only to specific non-parties to this

criminal case, which will be limited to experts, outside investigators retained by the defendant, outside consultants and vendors retained by the defendant, including but not limited to jury consultants and trial technology vendors, insurance representatives, and potential witnesses and counsel for those potential witnesses, as follows:

    a.    Such disclosure may occur only as needed for the litigation of this criminal case;

    b.    Such disclosures may occur only after defense counsel advises the non-party of the terms of this Protective Order and the non-party agrees to be bound by the terms herein; and

    c.    Material given to non-parties must be designated "confidential" material in an accompanying cover letter, and the material itself must be labeled (e.g., on the CD, DVD, or other disk or medium): "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

5.    **Use of Protected Information in Court Filings and Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this criminal case shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following: redacting confidential documents to remove individual identifiers, requesting the Court to submit or place such documents or exhibits under seal, coding the documents to substitute a numerical or other designation for the Protected Information, introducing summary evidence where practicable, and assuring that all Protected Information associated with individuals has been redacted in accordance with Fed. R. Crim. P. 49.1 and other applicable laws. No party shall disclose designated confidential documents in open Court without prior consideration by the Court. No party shall file documents containing Protected Information to the

Court or reproduce Protected Information in any court filing unless the document or filing containing the Protected Information is placed under seal or all information that would identify the subject of the document or filing has been removed or redacted.

6. **Filing of documents.** Consistent with Local Rule 207.2, the Clerk shall temporarily accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs pending the Court's ruling on the party's motion to file the documents under seal, and any party seeking sealings of filings shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.

7. **Sealed Documents.** Documents that have been filed under seal with the court and continue to be maintained under seal shall be provided to the defendant for purposes of discovery.

8. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking modification from this Court.

9. **No Waiver.** The failure to designate any materials as Protected Information as provided in this Protective Order shall not constitute a waiver of any party's assertion that the materials are covered by this Protective Order.

10. **No Ruling on Discoverability or Admissibility.** This Protective Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

11.     **Unauthorized Disclosure.** Should any Protected Information be disclosed in a manner not authorized by this Protective Order by a defendant, defense counsel, or a non-party retained by the defendant for purposes of this criminal case, then the defense counsel shall use his or her best efforts to obtain the return of any such Protected Information and to bind the recipient of Protected Information to the terms of this Order and shall, as soon as practicable after the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify such recipient to the party who designated the Protected Information.

12.     **Nontermination.** This Order shall survive the termination of this criminal case and shall continue in full force and effect thereafter.

13.     **Reservation of Rights.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

SO ORDERED this _____ day of July, 2024.

_____
The Honorable Theodore D. Chuang
United States District Judge