UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CASE NO.: 8:24-CR-211-TDC |
| ) | |
| HOAU-YAN WANG, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DR. HOAU-YAN WANG'S MOTION FOR LEAVE
TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 207.2 and Paragraphs 5-6 of the Protective Order issued by the Court on July 26, 2024 (Doc. 28, "Protective Order"), Defendant Hoau-Yan Wang ("Dr. Wang") moves the Court for leave to file under seal Exhibits A, B, C, and D to Dr. Wang's contemporaneously filed Motion ("Motion") for a Rule 17(c) Subpoena *duces tecum*.

Paragraph 6 of the Protective Order stipulates that, consistent with Local Rule 207.2, the Clerk shall temporarily accept for filing under seal any documents so marked by the parties pending the Court's ruling on the motion to file the documents under seal. It also requires that any party seeking to file any document under seal must provide a proposed reason supported by specific factual representations to justify the sealing and an explanation as to why alternatives to sealing would not provide sufficient protection. (Doc. 28 at 5, ¶ 5; L.R. 207.2).

Here, the Indictment (Doc. 1) has been coded to substitute a general designation in place of certain identifiers to protect certain information the United States has designated confidential or sensitive. For instance, in the Indictment, the United States designated Dr. Wang's employer, which is not a subject of its investigation, with the general identifier "University 1." (Doc. 1 at 1, ¶ (I)(A)(1)). Dr. Wang has followed this practice where possible to ensure consistency and the confidentiality of University 1's identity. However, certain portions of the Motion for a Rule 17(c)

Subpoena for certain records of University 1 necessarily identify University 1 by name. For example, the Rule 17(c) Subpoena itself and the subpoena rider (Exhibit A to the Motion) must necessarily define University 1 by name and identify on whom they will be served if issued. Likewise, Exhibits B through D to the Motion are emails between Dr. Wang and agents of University 1 about Dr. Wang's previous attempts to access the requested materials.

Due to the need for the Subpoena to be issued with University 1's proper name completed and the need for Dr. Wang to identify to this Court the senders and recipients of the attached emails, it would be impractical for Dr. Wang to apply other protective measures, like redaction, to protect the identity of University 1. As such, this Court should permit Dr. Wang to file the Exhibits A, B, C, and D to the Motion under seal in order to maintain the confidential identity of University 1 in accordance with the protective measures already established in the Indictment.

Dated: August 27, 2024

Respectfully submitted,

 */s/ Jennifer L. Beidel*
Jennifer L. Beidel (*Pro Hac Vice*)
Mark Chutkow (*Pro Hac Vice*)
Joanne Zimolzak (19342)
Timothy Caprez (*Pro Hac Vice*)
Emma Blackwood (*Pro Hac Vice*)
*Counsel for Hoau-Yan Wang*

**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0700
Fax: (866) 219-1641