UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HOAU-YAN WANG,<br><br>Defendant. | CRIMINAL NO: TDC-24-211 |

**CONSENT MOTION TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, through its undersigned attorneys moves this Court with the consent of the Defendant for an Order concerning the Speedy Trial Act status in this case, specifically to exclude time for purposes of Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(1), and to make a finding pursuant to 18 U.S.C. § 3161 that time necessary for the parties to effectively prepare for trial, for plea negotiations, and that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the Defendant in a speedy trial. In support of this motion, the government states as follows:

1. On June 28, 2024, a federal grand jury returned an Indictment in the above-referenced matter involving factually complex conduct. ECF No. 1.

2. On July 10, 2024, the Defendant had his initial appearance and arraignment on the Indictment. ECF No. 14.

3. On August 30, 2024, the parties had their initial status hearing before the Court. ECF No. 36.

4. Discovery has been provided to the Defendant, totaling hundreds of thousands of documents and files and hundreds of gigabytes of data.

1

5. Plea negotiations are ongoing.

6. Among the factors the Court considers in granting such a motion to exclude time for purposes of Speedy Trial Act is whether failure to grant a continuance would result in a "miscarriage of justice," and whether, in the instance of an unusual or complex case, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

7. In light of ongoing plea negotiations and the scope of discovery, it appears that the 70 days contemplated by the Speedy Trial Act for discovery, plea negotiations, and if necessary, trial preparation will be inadequate. "[D]elays resulting from plea negotiations" are excludable as delays "resulting from other proceedings concerning the defendant" within the meaning of § 3161(h)(1). *United States v. Ford*, 288 Fed. App'x 54, 57-58 (4th Cir. 2008) (citing 18 U.S.C. § 3161(h); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987); and *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)). *See also, United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003) (holding time spent on plea negotiations were excludable as "other proceedings," within the meaning of § 3161(h)(1)) (citing *Bowers* and *Montoya*, among other cases, in support).

8. Further, a number of courts have also held that continuances to permit additional time for plea negotiations are proper under § 3161(h)(7), the provision of the Speedy Trial Act authorizing continuances where doing so will serve "the ends of justice." *See, e.g., United States v. Fabian*, 798 F. Supp.2d 647, 673 (D. Md. 2011) ("[A]n 'ends of justice' exclusion is intended to cover any of various circumstances, including where . . . the government and the defendant are

engaged in ongoing plea negotiations.") (citing, among others, *Ford*, 288 Fed. App'x at 58); *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an 'ends of justice' continuance may not be granted for this purpose. . . . In current federal practice, plea negotiations play a vital role. We therefore see no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.").

9. The Defendant and the government agree, therefore, that delaying the prosecution of this case to allow the defense to review and evaluate the discovery, to include for the purpose of considering, preparing, and filing any pretrial motions, and to pursue a resolution short of trial through plea discussions serves the interest of justice.

10. Accordingly, the government requests with the Defendant's consent an order finding that the time from the initial status hearing before the Court on August 30, 2024 through to the next status hearing status hearing set for November 1, 2024 – during which time the Defendant has and will continue to review the discovery and the parties have conducted and will continue to conduct plea negotiations – is excluded pursuant to § 3161(h) and make a finding that the interests of justice are served by excluding that time under the Speedy Trial Act, which interests outweigh the Defendant's and the public's interests in a speedy trial.

A copy of the Proposed Order is attached.

> Respectfully submitted,
>
> Glenn S. Leon
> Chief
> Fraud Section, Criminal Division
> United States Department of Justice
>
>
> By: _____/s/_____
> Andrew Tyler
> Vasanth Sridharan
> Anna Kaminska
> Fraud Section, Criminal Division
> United States Department of Justice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

                                                 /s/_____
                                                 Andrew Tyler, Trial Attorney
                                                 Fraud Section, Criminal Division
                                                 United States Department of Justice