# EXHIBIT A

# STATUTE OF LIMITATIONS
# TOLLING AGREEMENT

This Statute of Limitations Tolling Agreement ("Tolling Agreement") is entered into between Hoau-Yan Wang, by and through his undersigned counsel, and the U.S. Department of Justice, Criminal Division, Fraud Section (the "Government").

1. This Tolling Agreement has been entered into to provide the Government an opportunity to complete its investigation, and to provide Wang and his counsel an opportunity to present any information Wang and his counsel believe may be relevant to the Government's decision-making process regarding Wang's involvement in scientific research relating to Cassava Sciences, Inc. and the submission of grant applications to the U.S. National Institutes of Health for funding in connection with such research.

2. Wang, his counsel, and the Government acknowledge that it is their mutual intention for this Tolling Agreement to effect a tolling of the statute of limitations under 18 U.S.C. §§ 3282, 3293, and 3301, or any other applicable statute for any violation of federal law described in Paragraphs 3 and 4 below.

3. This Tolling Agreement applies exclusively to potential federal criminal offenses relating to Wang arising out of the Government's ongoing investigation into Wang's involvement in scientific research relating to Cassava Sciences, Inc. and the submission of grant applications to the U.S. National Institutes of Health for funding in connection with such research.

4. The potential federal criminal offenses referenced in Paragraph 3 above include, but are not limited to: 18 U.S.C. §§ 1001, 1031, and 1343.

5. The parties to this Tolling Agreement agree and stipulate that the time period beginning on February 5, 2024, and continuing until the earlier of (i) midnight on March 15, 2024, or (ii) the date on which the Government brings criminal charges related to the conduct or offenses described in Paragraphs 3 and 4 above (the "Tolling Period"), shall be excluded from any calculation of time for purposes of the application of any relevant federal statute of limitations.

6. The parties to this Tolling Agreement further agree and stipulate that the running of any federal statute of limitations for any violations of federal criminal law described in Paragraphs 3 and 4 above shall be tolled throughout the Tolling Period.

7. The parties to this Tolling Agreement further agree and stipulate that the Tolling Period shall not be considered or assessed against the Government for purposes of any constitutional, statutory, or other challenge involving a claim of pre-indictment delay relating to any of the conduct or offenses described in Paragraphs 3 and 4 above.

8.      Wang, having been advised by his counsel regarding the potential consequences of this Tolling Agreement to his rights under the Fifth and Sixth Amendments to the United States Constitution, the federal statutes of limitations, and Rule 48(b) of the Federal Rules of Criminal Procedure, expressly waives his right to raise any defense based on the failure of a federal grand jury or the Government to charge him with any violation of federal law related to the conduct or offenses described in Paragraphs 3 and 4 above during the Tolling Period.

9.      The act of entering into this Tolling Agreement does not constitute an admission by Wang of any wrongdoing.  Neither this Tolling Agreement nor the substance of its contents is admissible as evidence for any purpose in any proceeding, except a proceeding involving the application or interpretation of this Tolling Agreement itself.

10.     This Tolling Agreement does not limit or affect the right or discretion of the Government to bring criminal charges prior to the expiration of this Tolling Agreement.

11.     Nothing in this Tolling Agreement shall affect any constitutional, statutory (including but not limited to statute of limitations), or other challenge involving a claim of pre-indictment delay relating to any violation of federal law that may be available to Wang before the commencement of the Tolling Period, or revive any claim or charge for which the applicable statute of limitations has expired prior to the commencement of the Tolling Period.

12.     This document embodies the entirety of the agreement between Wang and the Government and may not be changed orally, but only by an agreement in writing.  No other promises, agreements, or understandings exist between Wang and the Government regarding this Tolling Agreement except as set forth herein.

13.     The running of any statute of limitations applicable to any proceeding addressed by this Tolling Agreement shall commence again after the end of the Tolling Period, unless there is an extension of the Tolling Period agreed to in writing.

14.     Wang and his counsel acknowledge that they have read, fully discussed, and understand every paragraph and clause in this document and the consequences thereof.

*     *     *

AGREED AND STIPULATED:

GLENN S. LEON
Chief
Criminal Division, Fraud Section
United States Department of Justice

_____   _____
Anna Kaminska, Esq.                DATE
Andrew Tyler, Esq.
*Counsel for the Government*

_____   2/9/2024
Hoau-Yan Wang                      _____
                                   DATE


                                   02/12/2-24
_____   _____
Jennifer Beidel, Esq.              DATE
Timothy Caprez, Esq.
*Counsel for Hoau-Yan Wang*

Page 3 of 3

# STATUTE OF LIMITATIONS
# TOLLING AGREEMENT

This second Statute of Limitations Tolling Agreement ("Tolling Agreement") is entered into between Hoau-Yan Wang, by and through his undersigned counsel, and the U.S. Department of Justice, Criminal Division, Fraud Section (the "Government").

1. This Tolling Agreement has been entered into to provide the Government an opportunity to complete its investigation, and to provide Wang and his counsel an opportunity to present any information Wang and his counsel believe may be relevant to the Government's decision-making process regarding Wang's involvement in scientific research relating to Cassava Sciences, Inc. and the submission of grant applications to the U.S. National Institutes of Health for funding in connection with such research.

2. Wang, his counsel, and the Government acknowledge that it is their mutual intention for this Tolling Agreement to effect a tolling of the statute of limitations under 18 U.S.C. §§ 3282, 3293, and 3301, or any other applicable statute for any violation of federal law described in Paragraphs 3 and 4 below.

3. This Tolling Agreement applies exclusively to potential federal criminal offenses relating to Wang arising out of the Government's ongoing investigation into Wang's involvement in scientific research relating to Cassava Sciences, Inc. and the submission of grant applications to the U.S. National Institutes of Health for funding in connection with such research.

4. The potential federal criminal offenses referenced in Paragraph 3 above include, but are not limited to: 18 U.S.C. §§ 1001, 1031, and 1343.

5. The parties to this Tolling Agreement agree and stipulate that the time period beginning on March 18, 2024, and continuing until the earlier of (i) midnight on April 18, 2024, or (ii) the date on which the Government brings criminal charges related to the conduct or offenses described in Paragraphs 3 and 4 above (the "Tolling Period"), shall be excluded from any calculation of time for purposes of the application of any relevant federal statute of limitations.

6. The parties to this Tolling Agreement further agree and stipulate that the running of any federal statute of limitations for any violations of federal criminal law described in Paragraphs 3 and 4 above shall be tolled throughout the Tolling Period.

7. The parties to this Tolling Agreement further agree and stipulate that the Tolling Period shall not be considered or assessed against the Government for purposes of any constitutional, statutory, or other challenge involving a claim of pre-indictment delay relating to any of the conduct or offenses described in Paragraphs 3 and 4 above.

8. Wang, having been advised by his counsel regarding the potential consequences of this Tolling Agreement to his rights under the Fifth and Sixth Amendments to the United States Constitution, the federal statutes of limitations, and Rule 48(b) of the Federal Rules of Criminal Procedure, expressly waives his right to raise any defense based on the failure of a federal grand jury or the Government to charge him with any violation of federal law related to the conduct or offenses described in Paragraphs 3 and 4 above during the Tolling Period.

9. The act of entering into this Tolling Agreement does not constitute an admission by Wang of any wrongdoing. Neither this Tolling Agreement nor the substance of its contents is admissible as evidence for any purpose in any proceeding, except a proceeding involving the application or interpretation of this Tolling Agreement itself.

10. This Tolling Agreement does not limit or affect the right or discretion of the Government to bring criminal charges prior to the expiration of this Tolling Agreement.

11. Nothing in this Tolling Agreement shall affect any constitutional, statutory (including but not limited to statute of limitations), or other challenge involving a claim of pre-indictment delay relating to any violation of federal law that may be available to Wang before the commencement of the Tolling Period, or revive any claim or charge for which the applicable statute of limitations has expired prior to the commencement of the Tolling Period.

12. This document embodies the entirety of the agreement between Wang and the Government and may not be changed orally, but only by an agreement in writing. No other promises, agreements, or understandings exist between Wang and the Government regarding this Tolling Agreement except as set forth herein.

13. The running of any statute of limitations applicable to any proceeding addressed by this Tolling Agreement shall commence again after the end of the Tolling Period, unless there is an extension of the Tolling Period agreed to in writing.

14. Wang and his counsel acknowledge that they have read, fully discussed, and understand every paragraph and clause in this document and the consequences thereof.

\*     \*     \*

AGREED AND STIPULATED:

GLENN S. LEON
Chief
Criminal Division, Fraud Section
United States Department of Justice

_____   3/26/2024
Anna Kaminska, Esq.                                             DATE
Andrew Tyler, Esq.
*Counsel for the Government*

_____   3/18/2024
Hoau-Yan Wang                                                    DATE

_____   3/18/2024
Jennifer Beidel, Esq.                                              DATE
Timothy Caprez, Esq.
*Counsel for Hoau-Yan Wang*

# STATUTE OF LIMITATIONS
# TOLLING AGREEMENT

This third Statute of Limitations Tolling Agreement ("Tolling Agreement") is entered into between Hoau-Yan Wang, by and through his undersigned counsel, and the U.S. Department of Justice, Criminal Division, Fraud Section (the "Government").

1. This Tolling Agreement has been entered into to provide the Government an opportunity to complete its investigation, and to provide Wang and his counsel an opportunity to present any information Wang and his counsel believe may be relevant to the Government's decision-making process regarding Wang's involvement in scientific research relating to Cassava Sciences, Inc. and the submission of grant applications to the U.S. National Institutes of Health for funding in connection with such research.

2. Wang, his counsel, and the Government acknowledge that it is their mutual intention for this Tolling Agreement to effect a tolling of the statute of limitations under 18 U.S.C. §§ 3282, 3293, and 3301, or any other applicable statute for any violation of federal law described in Paragraphs 3 and 4 below.

3. This Tolling Agreement applies exclusively to potential federal criminal offenses relating to Wang arising out of the Government's ongoing investigation into Wang's involvement in scientific research relating to Cassava Sciences, Inc. and the submission of grant applications to the U.S. National Institutes of Health for funding in connection with such research.

4. The potential federal criminal offenses referenced in Paragraph 3 above include, but are not limited to: 18 U.S.C. §§ 1001, 1031, and 1343.

5. The parties to this Tolling Agreement agree and stipulate that the time period beginning on April 19, 2024, and continuing until the earlier of (i) midnight on May 20, 2024, or (ii) the date on which the Government brings criminal charges related to the conduct or offenses described in Paragraphs 3 and 4 above (the "Tolling Period"), shall be excluded from any calculation of time for purposes of the application of any relevant federal statute of limitations.

6. The parties to this Tolling Agreement further agree and stipulate that the running of any federal statute of limitations for any violations of federal criminal law described in Paragraphs 3 and 4 above shall be tolled throughout the Tolling Period.

7. The parties to this Tolling Agreement further agree and stipulate that the Tolling Period shall not be considered or assessed against the Government for purposes of any constitutional, statutory, or other challenge involving a claim of pre-indictment delay relating to any of the conduct or offenses described in Paragraphs 3 and 4 above.

8.      Wang, having been advised by his counsel regarding the potential consequences of this Tolling Agreement to his rights under the Fifth and Sixth Amendments to the United States Constitution, the federal statutes of limitations, and Rule 48(b) of the Federal Rules of Criminal Procedure, expressly waives his right to raise any defense based on the failure of a federal grand jury or the Government to charge him with any violation of federal law related to the conduct or offenses described in Paragraphs 3 and 4 above during the Tolling Period.

9.      The act of entering into this Tolling Agreement does not constitute an admission by Wang of any wrongdoing. Neither this Tolling Agreement nor the substance of its contents is admissible as evidence for any purpose in any proceeding, except a proceeding involving the application or interpretation of this Tolling Agreement itself.

10.     This Tolling Agreement does not limit or affect the right or discretion of the Government to bring criminal charges prior to the expiration of this Tolling Agreement.

11.     Nothing in this Tolling Agreement shall affect any constitutional, statutory (including but not limited to statute of limitations), or other challenge involving a claim of pre-indictment delay relating to any violation of federal law that may be available to Wang before the commencement of the Tolling Period, or revive any claim or charge for which the applicable statute of limitations has expired prior to the commencement of the Tolling Period.

12.     This document embodies the entirety of the agreement between Wang and the Government and may not be changed orally, but only by an agreement in writing. No other promises, agreements, or understandings exist between Wang and the Government regarding this Tolling Agreement except as set forth herein.

13.     The running of any statute of limitations applicable to any proceeding addressed by this Tolling Agreement shall commence again after the end of the Tolling Period, unless there is an extension of the Tolling Period agreed to in writing.

14.     Wang and his counsel acknowledge that they have read, fully discussed, and understand every paragraph and clause in this document and the consequences thereof.

*   *   *

AGREED AND STIPULATED:

GLENN S. LEON
Chief
Criminal Division, Fraud Section
United States Department of Justice

_____          4/29/2024_____
Anna Kaminska, Esq.                       DATE
Andrew Tyler, Esq.
*Counsel for the Government*


_____          _____
Hoau-Yan Wang                             DATE


_____          4/24/2024_____
Jennifer Beidel, Esq.                     DATE
Timothy Caprez, Esq.
*Counsel for Hoau-Yan Wang*

Page 3 of 3

## STATUTE OF LIMITATIONS
## TOLLING AGREEMENT

This fourth Statute of Limitations Tolling Agreement ("Tolling Agreement") is entered into between Hoau-Yan Wang, by and through his undersigned counsel, and the U.S. Department of Justice, Criminal Division, Fraud Section (the "Government").

1. This Tolling Agreement has been entered into to provide the Government an opportunity to complete its investigation, and to provide Wang and his counsel an opportunity to present any information Wang and his counsel believe may be relevant to the Government's decision-making process regarding Wang's involvement in scientific research relating to Cassava Sciences, Inc. and the submission of grant applications to the U.S. National Institutes of Health for funding in connection with such research.

2. Wang, his counsel, and the Government acknowledge that it is their mutual intention for this Tolling Agreement to effect a tolling of the statute of limitations under 18 U.S.C. §§ 3282, 3293, and 3301, or any other applicable statute for any violation of federal law described in Paragraphs 3 and 4 below.

3. This Tolling Agreement applies exclusively to potential federal criminal offenses relating to Wang arising out of the Government's ongoing investigation into Wang's involvement in scientific research relating to Cassava Sciences, Inc. and the submission of grant applications to the U.S. National Institutes of Health for funding in connection with such research.

4. The potential federal criminal offenses referenced in Paragraph 3 above include, but are not limited to: 18 U.S.C. §§ 1001, 1031, and 1343.

5. The parties to this Tolling Agreement agree and stipulate that the time period beginning on May 21, 2024, and continuing until the earlier of (i) midnight on June 22, 2024, or (ii) the date on which the Government brings criminal charges related to the conduct or offenses described in Paragraphs 3 and 4 above (the "Tolling Period"), shall be excluded from any calculation of time for purposes of the application of any relevant federal statute of limitations.

6. The parties to this Tolling Agreement further agree and stipulate that the running of any federal statute of limitations for any violations of federal criminal law described in Paragraphs 3 and 4 above shall be tolled throughout the Tolling Period.

7. The parties to this Tolling Agreement further agree and stipulate that the Tolling Period shall not be considered or assessed against the Government for purposes of any constitutional, statutory, or other challenge involving a claim of pre-indictment delay relating to any of the conduct or offenses described in Paragraphs 3 and 4 above.

8.      Wang, having been advised by his counsel regarding the potential consequences of this Tolling Agreement to his rights under the Fifth and Sixth Amendments to the United States Constitution, the federal statutes of limitations, and Rule 48(b) of the Federal Rules of Criminal Procedure, expressly waives his right to raise any defense based on the failure of a federal grand jury or the Government to charge him with any violation of federal law related to the conduct or offenses described in Paragraphs 3 and 4 above during the Tolling Period.

9.      The act of entering into this Tolling Agreement does not constitute an admission by Wang of any wrongdoing. Neither this Tolling Agreement nor the substance of its contents is admissible as evidence for any purpose in any proceeding, except a proceeding involving the application or interpretation of this Tolling Agreement itself.

10.     This Tolling Agreement does not limit or affect the right or discretion of the Government to bring criminal charges prior to the expiration of this Tolling Agreement.

11.     Nothing in this Tolling Agreement shall affect any constitutional, statutory (including but not limited to statute of limitations), or other challenge involving a claim of pre-indictment delay relating to any violation of federal law that may be available to Wang before the commencement of the Tolling Period, or revive any claim or charge for which the applicable statute of limitations has expired prior to the commencement of the Tolling Period.

12.     This document embodies the entirety of the agreement between Wang and the Government and may not be changed orally, but only by an agreement in writing. No other promises, agreements, or understandings exist between Wang and the Government regarding this Tolling Agreement except as set forth herein.

13.     The running of any statute of limitations applicable to any proceeding addressed by this Tolling Agreement shall commence again after the end of the Tolling Period, unless there is an extension of the Tolling Period agreed to in writing.

14.     Wang and his counsel acknowledge that they have read, fully discussed, and understand every paragraph and clause in this document and the consequences thereof.

*    *    *

AGREED AND STIPULATED:

GLENN S. LEON
Chief
Criminal Division, Fraud Section
United States Department of Justice

_____          5/28/2024
Anna Kaminska, Esq.                      DATE
Andrew Tyler, Esq.
*Counsel for the Government*

_____          5/21/2024

Hoau-Yan Wang                            DATE

_____          5/21/2024

Jennifer Beidel, Esq.                    DATE
Timothy Caprez, Esq.
*Counsel for Hoau-Yan Wang*

Page 3 of 3