# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

HOAU-YAN WANG,

Defendant.

Criminal Action No. TDC-24-0211

## PRETRIAL SCHEDULING ORDER

Pursuant to the discussion in the January 17, 2025 Telephone Status Conference, the Court sets the following trial date and pretrial production and filing deadlines:

| | |
|---|---|
| June 24, 2025 | Defendant's Rule 16 Expert Discovery |
| July 24, 2025 | Motions *in Limine* on Expert Witnesses |
| August 8, 2025 | Responses to Motions *in Limine* on Expert Witnesses |
| August 25, 2025 | Defendant's Other Rule 16 Discovery |
| August 25, 2025 | Rule 404(b) Notices |
| September 2, 2025 | Other Motions *in Limine* |
| September 8, 2025 | Responses to Other Motions *in Limine* |
| September 8, 2025 | Rule 902 Document Certifications |
| September 8, 2025 | Rule 1006 Summary Chart Notices |
| September 8, 2025 | Joint Proposed Voir Dire Questions |
| September 8, 2025 | Joint Proposed Jury Instructions |
| September 8, 2025 | Joint Proposed Verdict Form |
| September 22, 2025 | Government's Exhibit List and Witness List |

| September 22, 2025 | Defendant's Exhibit List and Witness List |
| September 18, 2025 at 9:00 a.m. | Pretrial Conference/Motions *in Limine* Hearing |
| September 22, 2025 at 9:00 a.m. | Jury Trial (12 days) |

Attached to this Order are the Court's standing pretrial and trial instructions. The parties are expected to familiarize themselves with these instructions and to comply with them.

Date: 11/17/25

THEODORE D. CHUANG
United States District Judge

# PRETRIAL AND TRIAL INSTRUCTIONS TO COUNSEL (CRIMINAL)

I. **Pretrial Instructions to Counsel**

   A. **Discovery**

   The Government's Rule 16 discovery, including expert discovery, was due 21 days after arraignment or pursuant to a separate schedule ordered by the Court.

   The Government must produce all remaining Rule 16 material to the defense no later than 30 days before trial. The Defense must produce all Rule 16 discovery to the Government no later than 30 days before trial. Any such material not produced before that date will be deemed presumptively inadmissible, subject to a showing that the material was not in the possession or control of the party until after that date, and that the party could not have, through reasonable diligence, obtained the material before that date. For this purpose, the Government consists of all federal agencies and all state or local law enforcement agencies that have participated in any way in the investigation of the case.

   B. **Voir Dire Questions and Jury Instructions**

   You will be directed to file joint proposed voir dire questions, joint proposed jury instructions on issues specifically relating to this case, and joint proposed special verdict forms. The Court will provide you with its templates containing its standard general voir dire questions and jury instructions. The parties are expected to use these templates and to add case-specific voir dire questions and jury instructions in the same format. The parties should file only one joint version of each type of document.

   Your joint proposed voir dire questions should include a brief proposed statement to be read to the venire panel describing the nature of the case in general terms.

   Because the Court will provide jury instruction templates addressing general legal principles, your joint proposed jury instructions should instead be limited to instructions on the substantive law and any other instructions that the parties specifically seek to be given in this case. The proposed jury instructions should (a) be typed one instruction per page, (b) be numbered and assembled in the order in which you request they be read to the jury, and (c) include footnote citations of the authorities supporting the instruction with each specific sentence or portion of the instruction covered by an individual authority clearly marked with a footnote identifying that authority.

   For any voir dire questions, jury instructions, and special verdict form questions upon which you cannot agree, you should note objections or proposed alternative language in the joint submission. Copies of all your joint proposed voir dire questions, jury instructions, and special verdict forms should be submitted to

Chambers in hard copy and via email in Microsoft Word format to mdd_tdcchambers@mdd.uscourts.gov.

C. **Guaranteeing Witness Availability**

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists on the Witness List.

D. **Use of Courtroom Equipment**

The Court has available for your use electronic evidence presentation systems. Information about the systems and training opportunities can be found on the Court's website. The Court prefers that to the extent possible, documents be shown to witnesses using the electronic systems. Accordingly, **counsel is responsible for becoming familiar with the equipment so that it can be used properly and without unnecessary delay.** You may contact the Courtroom Deputy Clerk to schedule a time to receive instruction on and to test the courtroom equipment prior to trial.

E. **Exhibits**

1. Each discrete exhibit must have a unique identifying exhibit number. For example, each photograph, financial instrument, bank statement, or other record must have a unique exhibit number even if related to other exhibits. Multi-page documents, such as a contract or a lease, may have a single exhibit number only if the document's pagination was established in the original document.

2. **You must pre-mark exhibits in accordance with instructions provided by the Courtroom Deputy Clerk.** All exhibits must be tagged with an exhibit sticker and numbered prior to trial. Do not separately identify exhibits as "Government's" or "Defendant's." The Government's exhibits should be numbered as Exhibits 1-99. Defendant's exhibits should be numbered as Exhibits 100-199. If the Government has more than 100 exhibits, Defendant's exhibits should start at 200 or whatever other number that will safely permit each side's exhibits to be numbered consecutively. No exhibit designation may begin with a letter. However, logically grouped or late-inserted exhibits may have a letter at the end. E.g., Exhibit 105A.

3. Any exhibit that is not offered for admission but is shown to a witness, such as a transcript or other impeachment material, should be marked for identification only. Any exhibits marked for identification only should be marked with the preceding identifier, "ID." The Government's exhibits marked for identification only should be marked as Exhibits ID1-ID99. Defendant's exhibits marked for identification only should be marked as Exhibits ID100-ID199. If the Plaintiff has more than 100 exhibits needed for identification only, Defendant's exhibits for identification only should

2

start at ID200 or whatever other number that will safely permit each side's exhibits to be numbered consecutively. If a party using an exhibit marked for identification only seeks to have that exhibit admitted, it must formally move for its admission and assign it a number.

4. The Government must submit to the Court for the Judge's use, on or before the first day of trial one compete set of exhibit binders, pre-marked and tabbed. Provide extra tabs for any exhibits that may be added during the trial.

5. The Defendant must provide to the Court, before its case-in-chief, one compete set of exhibit binders, pre-marked and tabbed. Provide extra tabs for any exhibits that may be added during the trial. If the Defendant seeks to introduce exhibits through a Government witness, the exhibit binders as just described must be produced to the Court on the first day of trial.

6. A copy of all exhibit binders shall be provided to opposing counsel on the same schedule.

7. Exhibits not listed on the party's Exhibit List and produced on the first day of trial shall be excluded, absent a showing of good cause.

8. The Court uses the Jury Evidence Recording System (JERS) to submit exhibits to the jury. The parties must follow the requirements separately emailed by the Courtroom Deputy Clerk.

F. **Courtroom Deputy Clerk Instructions**

The parties shall comply with all instructions provided by the Courtroom Deputy Clerk prior to and during trial.

II. **Trial Instructions to Counsel**

You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

A. **Efficient Use of Courtroom Time**

Please always be on time. At the beginning of the day or after a break, the trial will begin or resume at the scheduled time, or as soon thereafter that all jurors are present. If you anticipate any need to confer with the Court outside the presence of the jury, please contact the Court in advance to request a brief hearing before the start of the trial day or before the jury returns from lunch. When the jury is present, virtually every minute should be spent taking testimony.

B.  **Voir Dire**

   During voir dire, the parties are prohibited from using the internet or cell phone service for any purpose, may not transmit any information about prospective jurors outside the courtroom, and may not obtain or consider any information about prospective jurors from any source outside the courtroom.

C.  **Exhibits**

   1. **Notwithstanding Local Rules 107.5(b) and 211, you must formally offer all exhibits for admission and receive a ruling from the Court.** Exhibits may be offered as a group and may be offered outside the presence of the jury before or after a session, but they must be formally offered and admitted on the record. No exhibit may be displayed to the jury until it has been formally admitted.

   2. When possible, documentary, video, and audio exhibits should be presented to the witness and the jury through the Court's electronic evidence presentation system. An exhibit that has not yet been formally admitted may be shown to the witness using this system; the jurors' screens will be turned off until such exhibit has been admitted. You may circulate physical exhibits to the jury with the permission of the Court, provided that you continue with questioning during such circulation.

   3. You should have multiple copies of any impeachment material that you use with witnesses so that you, the witness, opposing counsel, and the judge each have their own copy during witness examination.

D.  **Witnesses**

   1. All law enforcement officers and witnesses must appear in civilian clothing and may not display badges while testifying or while seated at counsel table.

   2. Witnesses not included on the Witness List shall be excluded absent a showing of good cause.

   3. Treat witnesses with courtesy and respect, and address them by their surnames (except persons under the age of 18). Counsel and witnesses should refer to all individuals in the same manner.

   4. Do not appear to address yourself to jurors when questioning a witness.

E.  **Prohibited Questions and Remarks**

   1. Do not ask a witness whether it "would surprise you to know" that a certain event occurred.

4

2. Do not ask, "If I were to tell you that another witness testified to a certain fact, would you disagree with him?" (or "was she lying" or "not telling the truth"?)

3. Do not remind a witness that he is under oath or ask whether she expects the jury to believe her testimony.

F. **Movement in the Courtroom**

1. **You must always stand when examining witnesses or addressing the Court, including when making objections.**

2. You may ask questions of a witness from the podium or from counsel table. Please make sure to speak into the microphone.

3. You may approach a witness to hand over an exhibit without prior approval of the Court, but you should return to your fixed location before asking questions about the exhibit. You may not approach the witness for any other reason.

4. You may address jurors during your opening statement and closing argument from the well of the courtroom. Please stand no closer to the jury than the distance to the lectern, and do not place objects on the rail in front of the jury box.

G. **Objections**

You should not make speaking objections or, unless invited to do so by the Court, argue rulings in front of the jury. Bench conferences are permitted but disfavored. If you anticipate an evidentiary objection that will require a bench conference, please contact Chambers in advance to request a brief hearing before the start of the trial day or before the jury returns from lunch.

H. **Opening Statements and Closing Arguments**

1. Unless otherwise ordered by the Court, no opening statement or closing argument shall exceed one hour, and the Government's closing argument and rebuttal combined shall not exceed one hour.

2. Unless otherwise ordered by the Court, no rebuttal argument shall exceed 15 minutes. Rebuttal argument shall be limited to addressing arguments not reasonably anticipated before the defense closing argument.

3. Exhibits and demonstrative aids may not be displayed to the jury during opening statement or closing argument without prior approval of the Court. To the extent that demonstrative aids refer to the jury instructions, they must directly quote from the instructions; may not emphasize any words or phrases through highlighting, bold text, italics, or colored text; and may not alter or omit text through the use of brackets or ellipses.

5

4. During closing argument, although you may directly quote from the jury instructions, you may not paraphrase or provide an interpretation of the meaning of any particular jury instruction.

5. During closing argument, you may not state your personal opinion as to the merits of your case, the credibility of a witness, or guilt or innocence of an accused.

I. **Exclusion of Witnesses Rule and Talking to Witnesses on the Stand**

Local Rule 107.7 describes the meaning of the exclusion of witness (sequestration) rule. Local Rule 107.14 describes when counsel may talk to a witness who is currently on the stand.

J. **Cell Phones and Other Mobile Electronic Devices**

Please turn off (and instruct your client and witnesses to turn off) all audible cell phones and other mobile electronic devices before entering the courtroom. Laptops and electronic devices may be used by counsel only for matters specifically related to the trial and may be used only at counsel table.

K. **Food and Drink**

Please do not bring any food or drink (other than water) into the courtroom. If you want to use bottled water, you should pour it into the pitchers provided by the Court.

L. **Use of Courtroom Telephone Prohibited**

Please do not use the courtroom telephone unless authorized by the Court.