# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HOAU-YAN WANG,<br><br>Defendant. | CRIMINAL NO: TDC-24-211 |

**CONSENT MOTION TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, through its undersigned attorneys moves this Court with the consent of the Defendant for an Order concerning the Speedy Trial Act status in this case, specifically to exclude time for purposes of Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(1), and to make a finding pursuant to 18 U.S.C. § 3161 that time necessary for the parties to effectively prepare for trial and that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the Defendant in a speedy trial. In support of this motion, the government states as follows:

1. On June 28, 2024, a federal grand jury returned an Indictment in the above-referenced matter involving factually complex conduct. ECF No. 1.

2. On July 10, 2024, the Defendant had his initial appearance and arraignment on the Indictment. ECF No. 14.

3. On August 30, 2024, the parties had their initial status hearing before the Court. ECF No. 36.

1

4. On October 28, 2024, the Defendant filed a motion to suppress certain evidence and a motion to dismiss the Indictment, which were litigated by the parties and denied by the Court on December 18, 2024 and January 8, 2025, respectively. ECF Nos. 48, 49, 57-60, 66, and 73.

5. Discovery has been provided to the Defendant, totaling hundreds of thousands of documents and files and hundreds of gigabytes of data.

6. The Defendant served a Rule 17 subpoena on a third party to obtain substantial additional materials and the response to that subpoena was only recently received by the parties.

7. Among the factors the Court considers in granting such a motion to exclude time for purposes of the Speedy Trial Act is whether failure to grant a continuance would result in a "miscarriage of justice," and whether, in the instance of an unusual or complex case, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

8. In light of the scope of discovery, the recently received Rule 17 materials which have not yet been reviewed, and the complexity of the issues and factual circumstances underpinning this case, which will involve complicated scientific experiments and neuroscience concepts and likely will require expert witnesses, it appears that the 70 days contemplated by the Speedy Trial Act for discovery and trial preparation will be inadequate. In light of these considerations, the parties have conferred with each other and the Court and agreed on a September 22, 2025 trial date.

9. The Defendant and the government agree, therefore, that delaying the prosecution of this case to allow the defense to continue to review and evaluate the discovery, to include for the purpose of considering, preparing, any expert-related litigation, to allow the review and evaluation of materials produced pursuant to the Rule 17 subpoena, and to allow the parties to adequately prepare for trial serves the interest of justice.

10. Accordingly, the government requests with the Defendant's consent an order finding that the time from the status hearing before the Court on January 17, 2025 through to the trial date set for September 22, 2025 – during which time the Defendant has and will continue to review the discovery and the parties will prepare for trial – is excluded pursuant to § 3161(h) and make a finding that the interests of justice are served by excluding that time under the Speedy Trial Act, which interests outweigh the Defendant's and the public's interests in a speedy trial.

A copy of the Proposed Order is attached.

Respectfully submitted,

Glenn S. Leon
Chief
Fraud Section, Criminal Division
United States Department of Justice

By: _____/s/_____
Andrew Tyler
Vasanth Sridharan
Fraud Section, Criminal Division
United States Department of Justice

# CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

            _____/s/_____
            Andrew Tyler, Trial Attorney
            Fraud Section, Criminal Division
            United States Department of Justice